| 59 | 101 |
|----|-----|
| 62 | 736 |
| 59 | 101 |
| 63 | 133 |

THE STATE, ABBY STORY MARSHALL, PROSECUTRIX, v.
THE MAYOR AND COMMON COUNCIL OF THE CITY
OF BAYONNE.

It is not necessary for common council, in designating the several streets
through which a telephone company shall construct its line, to specify
the precise place in the street where each pole shall be located, nor to
require the company to obtain the consent of abutting owners before
erecting poles in front of their respective lots.

On application for *certiorari.*

Argued at February Term, 1896, before Justices DEPUE,
VAN SYCKEL and GUMMERE.

For the application, *Rowe, Van Buskirk & Parker.*

*Contra, Thomas F. Noonan.*

The opinion of the court was delivered by

GUMMERE, J. This is an application for a *certiorari* to
remove into this court for review an ordinance of the city of
Bayonne designating the streets through which the New York
and New Jersey Telephone Company shall erect its poles and
construct its line. The first section of the ordinance desig-
nates the streets through which the company's line shall be
built. The second section prescribes the manner in which
the poles shall be placed in said streets, and is in the follow-

ing words: "The said posts or poles shall be located, placed and erected within and adjacent to the curb line where shown by the official maps of the city of Bayonne, and within eighteen inches thereof, at such points as may be indicated by the street commissioner, not more than one hundred and fifty feet apart."

The principal grounds upon which the application for a writ is based are, first, that the ordinance does not make the consent of the property-owners, in front of whose lots telephone poles are to be placed, a condition precedent to the erection of such poles, and second, that it does not locate the poles or specify the distance apart at which they shall be placed.

The ordinance was passed in response to an application made by the telephone company to the common council, in accordance with the direction contained in section 1 of the "Supplement to the act to incorporate and regulate telegraph companies" (*Gen. Stat.*, *p.* 3459, § 15), and complies in all respects with the requirements of that supplement as well as with those of the original act. *Id.*, *p.* 3457. The common council have nothing to do with the matter of the consent of abutting property-owners to the erection of poles. The legislature itself has declared that (unless the right to do so is acquired by the exercise of the power of eminent domain) no telephone pole shall be erected in any of the streets or highways of this state except with the written consent of the owner of the soil. *Id.*, *p.* 3458, § 9. Any attempt on the part of a common council to modify this condition imposed by the legislature would be void, and a reiteration of it, by ordinance, would be entirely without force.

Nor is it necessary that the ordinance should specify the location of the poles or how far apart they should be placed. The Telephone act provides that, upon the request of the company, the common council "shall designate the streets in which their posts or poles shall be placed and the manner of placing the same." *Id.*, *p.* 3459, § 15. The exact location of the several poles is intentionally left by the statute, as

it seems to me, to the applying company, subject, of course, to the supervision of the municipal authorities, the purpose being that such poles shall, as far as possible, be placed in front of those properties the owners of which consent to their erection. This result could not be accomplished if the common council was required not only to designate the streets in which the poles should be erected, but also to fix the exact location of each pole.

The ordinance complained of, designating as it does the streets in which the company shall place its poles and the manner of erecting the same, meets every requirement of the statute; and its provision that the work shall be done under the direction of the street commissioner, fully protects the public interests.

The other reasons upon which the writ is asked have been considered, but do not appear to the court to be of sufficient weight to entitle them to specific criticism.

The application for a *certiorari* should be denied.